[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Monique Caban, commenced this action against the defendant, City of Waterbury, alleging that on or about July 22, 1998, the plaintiff was caused to sustained various injuries, damages and losses as a result of a fall on a city sidewalk. She further alleged that her fall was solely caused by the City's breach of its statutory duty to maintain the sidewalk.
The defendant filed an answer in which it denied that it solely caused the plaintiffs injuries and damages by breach of its statutory duty, and left the plaintiff to her proof as to all remaining allegations in the complaint.
The matter was tried to the court and the plaintiff and defendant offered evidence and testimony regarding the issues before the court.
The plaintiff testified that in the early evening of July 22, 1998, she was walking on a city sidewalk at or near the intersection of Willow and Ridgewood Streets when she fell in a pothole and injured her right knee. The plaintiff offered into evidence five color photos of the sidewalk and intersection where she claims to have fallen. She also introduced the medical report of Dr. Robert J. Costanzo and copies of medical bills which she testified she incurred as a result of her injuries.
She also introduced a life expectancy chart which indicates that her life expectancy is 52.2 years.
The plaintiff testified that she presented herself for examination at St. Mary's Hospital the day following her fall and that she subsequently CT Page 9275 was treated by Dr. Costanzo for approximately six months for injuries to her leg and back.
She further testified that she continues to experience tingling sensations and pain in her leg which disrupts her ability to sleep and has prevented her from using her membership at the fitness center.
On cross-examination, the plaintiff conceded that her initial visit to St. Mary's Hospital was July 27, 1998 — five days after she claims to have fallen. She further testified that the first visit to Dr. Costanzo was on September 15, 1998. His reports do not include any reference to prior injuries sustained by the plaintiff in a prior fall and in a prior automobile accident which resulted in a 5% permanent impairment of her cervical spine and a 5% permanent impairment of her lumbar spine. (Deft. Ex. A). In fact, in the first paragraph of Dr. Costanzo's Preliminary Report dated September 15, 1998, he notes, "She [plaintiff] further states that she has never had these types of problems before." (Plaintiffs Ex.7).
For that reason the court has concerns about the credibility of the plaintiff as to the nature and extent of the injuries which she may have incurred as a result of this incident. The court also notes that while she testified that there was one eyewitness to the fall, she did not offer his testimony to corroborate her version of the facts.
The court finds, based on the evidence and testimony, that the plaintiff has established by a fair preponderance of the evidence that she did in fact trip and fall in a hole or opening in a sidewalk for which the City of Waterbury had a duty to maintain. The court further finds that the City knew or should have known that the sidewalk defect existed, but did not take timely or effective measures to correct the defect.
In regard to damages, the plaintiff has failed to offer sufficient evidence to permit the court to find that the injuries which she sustained in that fall are permanent in nature. In view of her prior permanent partial disabilities, as evidenced (Defendant's Exhibit A) the court cannot find that those injuries were either caused or exacerbated by her fall on or about July 22, 1998. The plaintiff did establish certain injuries to her knee and ankle for which she is entitled to compensation from the defendant.
The court further finds that the injuries and losses sustained by the plaintiff were proximately caused by the fall which she experienced on or about said date. CT Page 9276
The court also finds that the sidewalk defect was of such size, nature and location that the plaintiff knew or should have known of its existence and its danger to pedestrians such as herself. To that extent, the plaintiff is found to have contributed to her own injuries.
Having found that the defendant is liable for the injuries and losses sustained by the plaintiff when she tripped and fell on a defective city sidewalk, the court enters the following orders:
By way of economic damages, the court awards the plaintiff the sum of $1,439.56
By way of non-economic damages, the court awards the plaintiff $5,060.44
Judgment is to enter for the plaintiff in the amount of $6,500.00 plus costs.
By the Court,
 ________________________ JOSEPH W. DOHERTY, JUDGE